UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-CV-55-V
(5:05-CR-237-V)

| | |
|---|---|
| TINA BRYANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. No. 1) filed on June 17, 2008.

## I. FACTUAL AND PROCEDURAL HISTORY

A review of the record reveals that Petitioner pled guilty, pursuant to a written plea agreement on July 27, 2007, to one count of conspiracy to possess with intent to distribute at least five hundred (500) grams of a controlled substance containing a detectible amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Bill of Indictment, Case No: 5:05-CR-237-V, Doc. No. 3.) On September 14, 2006, Petitioner and her attorney attended a Plea and Rule 11 Hearing before Magistrate Judge Carl Horn, III at which time Petitioner formally entered her plea. At that hearing, Magistrate Judge Horn engaged Petitioner in a lengthy colloquy to ensure that her guilty plea was being intelligently and voluntarily tendered. (See Transcript of Plea and Rule 11 Hearing, Case No. 5:05-CR-237-V, Doc. No. 274.) The Court asked the

1

Government to summarize the essential terms of the Plea Agreement which included an agreement that Petitioner "and eight other charged individuals . . . knowingly and intentionally conspired and agreed with one another to possess with intent to distribute . . . 500 grams or more of a substance containing methamphetamine" (Id. at 5), and that the amount "that was known or reasonably foreseeable by [Petitioner] was. . . at least 500 grams but less than 1.5 kilograms." (Id. at 9.) The agreement also stipulated that Petitioner faced a minimum of ten (10) years in prison and a maximum of life imprisonment. (Id. at 6.) The agreement also contained a waiver of Petitioner's right to appeal her conviction and/or sentence and the right to contest her conviction or sentence in any post conviction proceeding, including a motion pursuant to 28 U.S.C. § 2255, except on grounds of ineffective assistance of counsel and/or prosecutorial misconduct. (Id. at 10-11.) The Court then asked Petitioner whether she understood the terms of the Plea Agreement as recited by counsel for the government. (Id. at 11.) Petitioner indicated that she understood and agreed with the terms of the Plea Agreement. (Id.) The Court confirmed that Petitioner had not been threatened or forced to sign the agreement, that no one had made promises of leniency to her, and that she was satisfied with the services of her attorney. (Id. at 11-12.) The Court then determined that Petitioner's guilty plea was knowingly and freely made and that she understood the charges, potential penalties and consequence of her plea. (Id. at 13.)

At the sentencing hearing held on June 19, 2007, the Court confirmed that Petitioner understood the nature of the charges to which she was pleading and the possible penalties, that she was satisfied with the services of her attorney, and that she was pleading guilty freely and voluntarily. (Sentencing Transcript, Case No. 5:05-CR-237-V, Doc. No. 255 at 2.) The Court then reaffirmed the acceptance of the plea. (Id. at 3.) During sentencing, the Court specifically

asked Petitioner whether she had an opportunity to go over the presentence report carefully with her attorney and whether she had discussed it with him in detail. (Id.) Petitioner replied that she had done so. (Id.) Petitioner's attorney argued for the application of the safety valve to his client during the sentencing hearing. (Id. at 4-8.) Based on the evidence presented, the Court found that the safety valve was not appropriate because Petitioner had been in possession of a firearm in connection with the offense for which she was arrested. (Id. at 8.) The Government advised the Court that it did not seek a downward departure based on U.S.S.G. § 5K1.1 because Petitioner had not proactively cooperated with the government pre-indictment as she had promised to do. (Id. at 11.) Petitioner was sentenced to the statutory minimum of one hundred and twenty (120) months imprisonment followed by five (5) years of supervised release. (Id. at 13.)

On June 17, 2008, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that her counsel was ineffective because he: (1) failed to discuss the presentence report with her prior to the Sentencing hearing, and (2) did not explain the meaning of the safety valve statute provision. Petitioner also alleges that she was misled by law enforcement at the time of her statement, but does not allege specific facts regarding how she was misled. [1]

---

[1] Petitioner also explains that counsel did not wish to handle her appeal, and stated that another attorney would be appointed to her. The Court notes that Petitioner retained an attorney to pursue her appeal. However, Petitioner voluntarily withdrew her appeal, stating that she needed to develop the case against her counsel.

3

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner contends that her counsel was ineffective because he did not spend very much time on her case. Specifically, Petitioner argues that her counsel did not discuss the details of the presentence report with her and he did not explain the requirements of the safety valve.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that she was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983). "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court may not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhard v. Fretwell, 506 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. 52, 53-57 (1985); Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 854 F.2d at 475; accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath during plea proceedings are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Petitioner alleges that her counsel was ineffective for failing to discuss the presentence report with her prior to her Sentencing Hearing. However, Petitioner's own words under oath during the Sentencing Hearing directly contradict this claim. When asked whether she had an opportunity to go over the presentence report carefully with her attorney, Petitioner answered "Yes." (Sentencing Hearing at 3.) When the Court inquired further, asking whether she had discussed the report with her counsel in detail, she answered, "Yes, sir." (Id.) As this Court finds no clear and convincing evidence to the contrary, Petitioner's prior statements made under oath

5

are binding. See Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, Petitioner has not satisfied her burden under either prong of Strickland, therefore, her claim of ineffective assistance of counsel for failure to discuss presentence report must fail.

Petitioner also contends that her trial attorney was ineffective for failing to explain the safety valve provision of 18 U.S. C. § 3553(f). Petitioner argues that if her trial counsel had explained the provisions of the safety valve to her, she would have met with government agents and provided full disclosure and any necessary evidence.

The safety valve provision of 18 U.S.C. § 3553(f) permits a district court to impose a Guidelines sentence below the applicable statutory minimum if the court finds that the defendant meets certain criteria. To be eligible for sentencing under the safety valve a defendant must meet the following five statutory requirements: (1) the defendant has no more than one criminal history point, (2) the defendant did not use violence or credible threats of violence or possess a firearm in connection with the offense, (3) the offense did not result in death or serious bodily injury, (4) the defendant was not an organizer or leader of others in this offense, and (5) the defendant provided truthful information to the Government concerning the crime. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The burden is on the defendant to prove that she has met all five safety valve requirements. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996); see also, United States v. Ivester, 75 F.3d 182, 184-185 (4th Cir. 1996) (holding that it is not sufficient that a defendant stands ready to disclose fully if the Government were to approach him to seek information; the plain language of the safety valve provision requires that a defendant

must demonstrate that he has fully and truthfully disclosed even if he has never been approached by the Government), cert. denied, 518 U.S. 1011 (1996).

In order for Petitioner to establish that her attorney was ineffective for failing to explain the safety valve provision to her, Petitioner must establish that she was prejudiced by her attorney's failure to discuss the safety valve provision. Petitioner argues that she was prejudiced by her counsel's failure to advise her of the requirements of the safety valve, making the vague argument that she would have provided "information or cooperation" in order to qualify for the safety valve.

First, the Court notes that Petitioner has not alleged, with respect to either claim of ineffective assistance of counsel, that but for counsel's deficiencies, she would have insisted on going to trial. Next, a review of the Sentencing Transcript reveals that Petitioner's counsel argued zealously for the application of the safety valve during sentencing proceedings. Despite Petitioner's argument to the contrary, Petitioner's lack of cooperation was not the sole reason the Court did not grant counsel's motion for the application of the safety valve. Indeed, the facts reveal that the police found a firearm in Petitioner's purse during an undercover operation that resulted in a search of the hotel room where Petitioner and others furthered their conspiracy to distribute drugs. (See Transcript of Sentencing at 6.) Nevertheless, Petitioner's counsel challenged the government's contention that the firearm was possessed in connection with the conspiracy, arguing that Petitioner should receive the benefits of the safety valve. However, this Court found that the preponderance of the evidence indicated that the firearm was possessed in connection with the offense. (Id. at 8.) The presence of a firearm in connection with the offense made Petitioner ineligible for the safety valve. Petitioner cannot establish that she was

7

prejudiced by her counsel's failure to explain the elements of the safety valve to her because she was not eligible for the safety valve. Therefore, her claim that counsel was ineffective for failing to explain the safety valve must be denied.

**B. Petitioner's Remaining Claims**

Petitioner's Plea Agreement specifically sets forth that Petitioner has waived her right to contest her conviction or sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 20 Case No. 5:05-CR-237-V, Doc. No. 157.) The Fourth Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's appellate rights.[2] Moreover, the Fourth Circuit has held that a defendant may waive in a plea agreement his rights under § 2255 to attack his conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005).

At her Rule 11 hearing, Petitioner swore under oath that she understood that she was waiving her right to challenge her sentence or conviction on appeal or in a post-conviction proceeding.[3] (Plea and Rule 11 Hearing at 11, Case No. 5:05-CR-237-V, Doc. No. 274.) Furthermore, Petitioner swore that she had not been threatened, intimidated, or forced to enter

---

[2] See, e.g., United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-186 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4th Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

[3] In accordance with the law, this Court has placed a great weight on the Petitioner's representations at his Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

into the Plea Agreement and that, other than the terms of the Plea Agreement, no one had made promises of leniency or a light sentence in order to induce Petitioner to plead guilty. (Id. at 10-12.) Consequently, this Court concludes that the Agreement's waiver provision is valid and fully enforceable. The waiver provision stands as an absolute bar to Petitioner's attempts to challenge her conviction and sentence on all of the grounds raised in her Motion to Vacate that were not framed as ineffective assistance of counsel claims including Petitioner's claim that she was misled by law enforcement officers at the time of her statement.

### III. CONCLUSION

Petitioner has failed to satisfy the requirements set out in Strickland to show ineffective assistance of counsel for her counsel's failure to explain the requirements of the safety valve provision and failure to review the presentence report. Moreover, Petitioner is bound by her earlier statements at the Plea and Rule 11 Hearing and Sentencing Hearing stating that she had gone over and understood the Presentence Report. Therefore, her claims of ineffective assistance of counsel for failure to discuss the safety valve provision and failure to discuss the Presentence Report will be denied. Additionally, Petitioner waived her right to challenge her conviction other than alleging ineffective assistance of counsel and prosecutorial misconduct. Therefore, her claim that she "was misled by law enforcement at the time of providing a statement" must be denied. (Complaint at 6.)

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED**.

**SO ORDERED**.

Signed: July 9, 2008

Richard L. Voorhees
United States District Judge